Nash, J.
We cannot yield our assent to this construction. We , believe the testator intended a substantial benefit to the plaintiff. The construction claimed by the defendant would make it entirely illusory, and dependent upon the will or caprice of the widow. The clause is not very explicit, and is somewhat peculiar. The language is, “ I wish that my widow and cousin Barbara Richardson should continue to keep home together, but should they not,” &c. — not simply live together. I-Iis wish was, that they should continue together, and, while they did so, that Barbara was to be, equally with his widow, mistress of the family, and enjoy equal privileges with her. While so keeping house together, Barbara is not to receive the money, because she, in that case, is already provided for; nor does he make her con *194 tingent right to receive her pecuniary legacy dependent wholly on her own will or on that of Mrs. Halstead ; the words are — “ but should they not,” &c. If, then, alter the death of the testator, they continued to keep house together, it would not have been in the power of the plaintiff, at any time thereafter, capriciously to put an end to their joint house-keeping, and then demand her legacy; neither would it have been in the power of the widow to put an end to it, and thereby deprive her, not only of a home, but of the bounty of the testator. If the widow had refused to permit the plaintiff to live with her, or, after they had so begun to live, she had ordered her to leave the house, or by her conduct rendered her further residence with her intolerable, or they had mutually agreed to separate ; in either of these cases, the right of the plaintiff to receive her legacy could not be questioned. It is not, therefore, a case of election, for her rights depend not alone on her own will, but in part upon that of another ; nor is her right to enjoy both the interests bequeathed to her, though at different periods, inconsistent with the intention of the testator; nor does it defeat any portion of the will. We consider the subsequent marriage of Mrs. Halstead as an event, whieh, in itself, put an end to their jointly keeping house. She had ceased to have the right to permit the plaintiff to live with her ; she had, by her own voluntary act, transferred it to another, and, if the plaintiff had then left her, she would have been entitled to her pecuniary legacy. The subsequent death of Mrs. Halstead, then Mrs. Hinton, produced the same effect. The power to keep house together had ceased. That the death of the widow would restore to the plaintiff her right to the legacy, is obvious. What, if the widow had died a month or a year after their joint house-keeping had commenced, it could not be pretended, that, in such event, from no fault of hers, the plaintiff would have lost the benefit intended her by the kindness of the testator. *195 We are of opinion, then, that, upon the death of the testator, the plaintiff was at liberty either to separate from the widow, and claim the money, or, with the ■consent of the latter, to continue with her, in which case she could not claim the legacy during the continuance of their joint residence; but as soon as that ceased, without any fault of hers, her right was restored. The plaintiff is, therefore, entitled to her legacy, and interest on it from the time she demanded it, upon her leaving the defendant’s house.
The defendant, Peter W. Hinton, states that he is entitled, if a decree is made in favor of the plaintiff, to an allowance for the maintenance of a negro woman and child belonging to her. This would mueh depend upon the fact, whether these negroes were attendants upon the person of the plaintiff, which does not appear. The defendants may have an enquiry upon this subject if they require it.
Per Curiam.
Decree accordingly.